UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

|  |  |  |
|---|---|---|
| REGINALD ABAYA, on behalf of himself and all others similarly situated, | : : : : | CLASS ACTION |
| Plaintiff, | : : | JURY TRIAL DEMANDED |
| vs. | : : |  |
| COLLECTO, INC., a Massachusetts Corporation, d/b/a EOS CCA, | : : : : |  |
| Defendant. | : : |  |

### CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Reginald Abaya ("Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant Collecto, Inc., a Massachusetts Corporation, d/b/a EOS CCA ("Defendant" or the "Company"). The allegations herein are based upon Plaintiff's personal knowledge and documentary evidence as to his own actions and conduct, and upon information and belief as to all other matters set forth herein.

### NATURE OF THE ACTION

1. This is an action brought pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §1693, *et seq.*, and Regulation E, 12 C.F.R. §1005.10(b), promulgated by the Bureau of Consumer Financial Protection ("Regulation E"). The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer those services. The primary objective of the EFTA is the

1

protection of individual consumers engaging in electronic fund transfers. Regulation E is the implementing regulation for the EFTA.

2.  Defendant routinely engages in business practices that violate the EFTA and Regulation E. Specifically, in connection with attempts to collect consumer debt, Defendant enters into preauthorized electronic fund transfer agreements with consumers that are not authorized by a writing signed or similarly authenticated by the consumers, fails to provide consumers with ten days written notice of the amount and date of the transfer when a preauthorized electronic fund transfer will vary in amount from the preauthorized or prior amount, and fails to advise consumers of their right to receive notice of all varying transfers.

3.  As a result of Defendant's violations of the EFTA and Regulation E, and pursuant to 15 U.S.C. § 1693m, Plaintiff brings this case as a class action seeking damages for himself and all others similarly situated.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5.  Venue is proper before this Court pursuant to 28 U.S.C. §1391(b)(2), where the events giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts substantial business in this State and this District.

## PARTIES

6.  Plaintiff is a natural person who at all relevant times resided in Broward County, Florida. As a natural person, Plaintiff is a "consumer" as defined by 15 U.S.C. §1693a and 12 C.F.R. § 1005.2(e).

7.      Defendant is a Massachusetts corporation with its principal offices located at 700 Longwater Drive, Norwell, MA 02061.  It can be served through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.  Defendant is an accounts receivable management company and debt collection agency.

## FACTUAL ALLEGATIONS

8.      At all relevant times, Plaintiff had a checking account with Wells Fargo Bank, N.A.

9.      Plaintiff's checking account was established primarily for personal, family, or household purposes, and thus, is an "account" as defined by 15 U.S.C. §1693a(2).

10.     In early 2013, Plaintiff received written correspondence from Defendant asserting that he owed $9,447.86 to Defendant's client, "Sallie Mae (Private Credit)."

11.     In February 2013, in response to that correspondence, Plaintiff contacted Defendant concerning the alleged debt.  Defendant advised Plaintiff that he had several options to pay down the alleged debt, but that the best option was for Plaintiff to provide Defendant with his debit card information so that Defendant could debit money from Plaintiff's bank account on a recurring basis.

12.     Thereafter, Plaintiff and Defendant agreed, orally, that Defendant would debit $333.00 monthly for three consecutive months from Plaintiff's checking account, and thereafter would debit $100.00 at the same time each month on a recurring basis until the alleged debt was paid in full (the "EFT Agreement").

13.     On or about February 28, 2013, March 28, 2013 and April 29, 2013, Defendant debited $333.00 from Plaintiff's checking account.  Thereafter, on May 30, 2013, Defendant began debiting $100.00 monthly from Plaintiff's checking account.  Defendant subsequently

debited another $100.00 from Plaintiff's checking account on June 28, 2013, and, pursuant to the EFT Agreement, Plaintiff's checking account will be debited $100.00 per month until the alleged debt is paid in full.

14. Defendant did not obtain from Plaintiff written authorization for the EFT Agreement. Plaintiff has not authorized, in writing, any of the preauthorized electronic fund transfers from his checking account.

15. Defendant did not provide Plaintiff with a copy of any document which Plaintiff signed authorizing the EFT Agreement or the preauthorized electronic fund transfers.

16. Defendant did not provide Plaintiff with reasonable advance notice of the amount to be transferred and the scheduled date of such transfer when Defendant began debiting $100.00 from his account, as opposed to the $333.00 it was originally debiting.

17. Defendant did not advise Plaintiff of his right to receive notice of all varying electronic fund transfers.

18. Upon information and belief, Defendant has debited the accounts of numerous other consumers throughout Florida, on regularly scheduled intervals, without written authorization, without providing a copy of such authorization to those consumers and without advising those consumers of their right to receive notice of varying transfers, and continues to engage in such violative practices.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons in the state of Florida who, within one year before the date of this complaint, entered into an agreement with Defendant that allowed Defendant to

4

      electronically transfer funds from the person's account on a recurring basis where (1) the funds transfers were not authorized by a writing signed or similarly authenticated by the person, and/or (2) Defendant did not provide to the person a copy of any document which the person signed authorizing the preauthorized electronic fund transfers, and/or (3) Defendant did not provide the person with ten days written notice of the amount and date of the transfer when a preauthorized electronic fund transfer was to vary in amount from the preauthorized or prior amount, and/or (4) Defendant did not advise the person of her/his right to receive notice of all varying transfers.

(the "Class"). Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

      20.    The proposed Class is so numerous that joinder of all members is impracticable. The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that the names and addresses of all members of the Class can be identified in business records maintained by Defendant.

      21.    Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the class. Like all proposed members of the Class, Plaintiff entered into a preauthorized electronic fund transfer agreement with Defendant that was not authorized by a writing signed or similarly authenticated by Plaintiff, was not provided ten days written notice by Defendant of the amount and date of the transfer when a preauthorized electronic fund transfer was to vary in amount from the preauthorized or prior amount, and was not advised by Defendant of his right to receive notice of all varying transfers.

22.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in class action litigation.

23.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

24.     Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the Class.  Among the issues of law and fact common to the Class are:

   a. Defendant's violations of the EFTA and Regulation E, as alleged herein;

   b. the existence of Defendant's identical conduct particular to the matters at issue;

   c. the availability of declaratory relief;

   d. the availability of statutory penalties; and

   e. the availability of attorneys' fees and costs.

25.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### COUNT I: VIOLATION OF THE EFTA, 15 U.S.C. § 1693e(a) AND REGULATION E, 12 C.F.R. § 1005.10(b)

26.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 25.

27.     12 C.F.R. § 1005.10(b) provides, in pertinent part:

>  Written authorization for preauthorized transfers from consumer's account. ***Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer***.

28. The Official Staff Interpretations to the EFTA, at 12 C.F.R. Pt. 1005.10(b), Supp. I, provide, in pertinent part:

> 2. Authorization obtained by third party. The account-holding financial institution does not violate the regulation when a third-party payee fails to obtain the authorization in writing or fails to give a copy to the consumer; ***rather, it is the third-party payee that is in violation of the regulation.***

> 3. Written authorization for preauthorized transfers. ***The requirement that preauthorized EFTs be authorized by the consumer "only by a writing" cannot be met by a payee's signing a written authorization on the consumer's behalf with only an oral authorization from the consumer.***

29. The EFT Agreement was not authorized by a writing signed or similarly authenticated by Plaintiff. Rather, Defendant purportedly obtained authorization from Plaintiff verbally, never obtaining a writing from Plaintiff authorizing the preauthorized electronic fund transfers. Further, as there was no signed EFT agreement, Defendant never provided a copy to Plaintiff of any written authorization signed by Plaintiff.

30. Thus, Defendant violated 15 U.S.C. § 1693e and 12 C.F.R. § 205.10(b).

### COUNT II: VIOLATION OF THE EFTA, 15 U.S.C. § 1693e(b) AND REGULATION E, 12 C.F.R. § 1005.10(d)

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 25.

32. 15 U.S.C. § 1693e(b) provides, in pertinent part:

> ***In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the*** financial institution or ***designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Bureau, of the amount to be transferred and the scheduled date of the transfer.***

7

33. 12 C.F.R. § 1005.10(d) provides, in pertinent part:

(d) Notice of transfers varying in amount--(1) Notice. ***When a preauthorized electronic fund transfer from the consumer's accounts will vary in amount from the previous transfer under the same authorization or from the preauthorized amount, the designated payee*** or the financial institution ***shall send the consumer written notice of the amount and date of the transfer at least 10 days before the scheduled date of transfer.***

(2) Range. ***The designated payee*** or the institution ***shall inform the consumer of the right to receive notice of all varying transfers***, but may give the consumer the option of receiving notice only when a transfer falls outside a specified range of amounts or only when a transfer differs from the most recent transfer by more than an agreed-upon amount.

34. The transfer of $100.00 from Plaintiff's account on May 30, 2013 varied in amount from the previous transfer of $333.00 on April 29, 2013.

35. Plaintiff was not provided with ten days advance written notice of the amount and date of the May 30, 2013 transfer, which varied in amount from the previous transfer, in violation of 15 U.S.C. §1693e(b) and 12 C.F.R. §1005.10(d)(1).

36. Further, Defendant never informed Plaintiff of his right to receive notice of all varying transfers, in violation of 12 C.F.R. §1005.10(d)(2).

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a. Adjudging and declaring that Defendant violated 15 U.S.C. §1693e(a), 15 U.S.C. §1693e(b), and Regulation E and enjoining Defendant from further violations of 15 U.S.C. §1693e(a), 15 U.S.C. §1693e(b), and Regulation E;

b. Awarding Plaintiff actual damages pursuant to 15 U.S.C. §1693m(a)(1);

c. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

d. Awarding Plaintiff his reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1693m(a)(3); and

e. Awarding other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED: July 24, 2013  Respectfully submitted,

*/s/ Michael L. Greenwald*

**MICHAEL L. GREENWALD (FBN: 761761)**
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@mgjdlaw.com

Counsel for Plaintiff Reginald Abaya and the proposed Class